IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Dist. No. 03-cr-40024-JPG |
| | ) App. No. 04-1431 |
| JOHN S. PENROD, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court found the application of mandatory federal sentencing guidelines as written unconstitutional. *Id.* at 746, 749-50. However, the Supreme Court held that the proper remedial measure to save the guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines. *Paladino*, 401 F.3d at 484.

Defendant John S. Penrod ("Penrod") was convicted by a jury on August 20, 2003, of one count of conspiring to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count 1), and of four counts of distributing less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (counts 17-20). The statutory sentencing range for count 1 is ten years (120 months) to life, 21 U.S.C. § 841(b)(1)(A), and for

counts 17 to 20 is up to twenty years (240 months).  At the sentencing on January 30, 2004, the Court found that Penrod's relevant conduct was at least 500 grams but less than 150 kilograms of crack cocaine, yielding a base offense level of 36 under U.S.S.G. § 2D1.1.  The Court increased his offense level by 2 under U.S.S.G. § 3C1.1 because he testified falsely at trial, which yielded a total offense level of 38.  The Court found that Penrod's criminal history category was VI and that his sentencing range was therefore  360 months to life.  The Court sentenced Penrod to serve 384 months in prison for count 1 and 240 months in prison, the statutory maximum, for counts 17 to 20, all sentences to run concurrently.

On May 20, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to resentence Penrod after *Booker* and under advisory sentencing guidelines, it would reimpose the original sentence.  *See Paladino*, 401 F.3d at 484.  The Court solicited the views of counsel and each side has made a written submission.  The government argues that Penrod's sentence is reasonable under 18 U.S.C. § 3553.  On the other side, Penrod argues that a lower sentence would avoid unwarranted sentencing disparity (1) between crack cocaine offenders and powder cocaine offenders, (2) between crack cocaine offenders whose relevant conduct is similar but which falls into different categories under U.S.S.G. § 2D1.1. based only on estimates, and (3) between him and his codefendants' sentences.  Penrod also argues that the nature and circumstances of the offense and his history and characteristics – his drug addiction and his age – warrant a lower sentence.

The Court has reviewed the memoranda and has determined that if it was required to resentence Penrod after *Booker* and under advisory sentencing guidelines, it would reimpose the same sentence.  The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and believes that a 384-month sentence on count 1 and a 240-months sentence on counts 17-20 are sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984.

With respect to the specific arguments raised by Penrod in his Sentencing Memorandum, the Court has considered his argument for the need to avoid unwanted sentencing disparities and the argument that Penrod's sentence is far out of proportion to those imposed on others engaged in similar conduct.  The argument that Penrod's sentence should be lower because of the extreme and unwarranted disparity between crack cocaine offenders and powder cocaine offenders is without merit and need not be addressed.  Similarly, the Court is not persuaded by the argument that because his sentence is considerably longer than others involved in this conspiracy that his sentence should therefore be reduced.

Penrod has admitted that he has a history of burglaries.  In fact, his criminal history is horrendous and at the sentencing hearing, this Court did not sentence Penrod at the low end of the guideline range, but in fact sentenced him two years above the low end of the guidelines based upon the defendant's extensive criminal history, his lack of remorse, as was evidenced by his letter to the court, as well as his participation involvement in this conspiracy.  The Court went on further to say that even considering his history and personal characteristics as a drug addict, a sentence of 384 months was warranted.

For these reasons, the Court would reimpose the same sentence on Penrod were it required to resentence him today.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED:**

**Dated:  August 30, 2005**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**